[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13476
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00072-MTT-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHADWICK CANTY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 28, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Chadwick Canty appeals his sentence of 72 months of imprisonment following his plea of guilty to possessing a firearm in furtherance of a drug trafficking offense. 18 U.S.C. § 924(c)(1)(A). Canty argues that his sentence is procedurally unreasonable because the district court failed to explain why it ordered his sentence to run consecutively to an undischarged state sentence. Canty also argues that his sentence is substantively unreasonable because the district court departed upward from his advisory guideline range. We affirm.

Canty's sentence is procedurally reasonable. When the district court has discretion to order that a sentence run consecutively or concurrently to an undischarged sentence, it is required to consider the statutory sentencing factors, 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b); United States Sentencing Guidelines Manual § 5G1.3 (Nov. 2013). But the statute for Canty's offense states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed upon the person . . . ." 18 U.S.C. § 924(c)(1)(D). The district court was not required to explain why it ordered Canty's federal sentence to run consecutively to his state sentence when that was mandated by section 924(c)(1)(D).

Canty's sentence is also substantively reasonable. The district court decided to depart upward to "reflect the actual seriousness of . . . [three drug sales that were] dismissed as part of [Canty's] plea agreement." *See* U.S.S.G. § 5K2.21.

2

Canty argues that his sentence was based on his dismissed charges, but the district court stated that it considered the presentence investigation report, Canty's "advisory sentencing range [of 60 months of imprisonment] and the sentencing factors . . . [to] ma[ke] an individualized assessment based on the facts presented." Canty's presentence report provided a criminal history of IV based on his prior convictions for obstructing an officer, possessing cocaine with intent to distribute, and possessing marijuana as an inmate within guard lines. The district court reasonably determined that an upward departure of 12 months was necessary to achieve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). That Canty's sentence is well below his maximum statutory penalty of life imprisonment suggests that his sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court did not abuse its discretion when it sentenced Canty to 72 months of imprisonment.

We **AFFIRM** Canty's sentence.